## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| (1) JOHN BECK, an individual, | ) | |
| (2) DANNY JACKSON, an individual, and, | ) | |
| (3) LARRY MUCK, an individual, | ) | |
| | ) | |
| PLAINTIFFS, | ) | CASE NO. <u>CIV-14-770-M</u> |
| | ) | |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| (1) OKLAHOMA GAS AND ELECTRIC | ) | |
| COMPANY, an Oklahoma Corporation, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

Plaintiffs, John Beck, Danny Jackson and Larry Muck, for their cause of action against the above-named Defendant, state:

## PARTIES

1.    Plaintiff, John Beck, is a citizen of the State of Oklahoma.

2.    Plaintiff, Danny Jackson, is a citizen of the State of Oklahoma.

3.    Plaintiff, Larry Muck, is a citizen of the State of Oklahoma.

4.    At all times relevant, Plaintiffs were employees of Defendant, Oklahoma Gas and Electric Company ("OG&E").

5.    OG&E is a domestic corporation conducting business in Oklahoma, including in the Western District of Oklahoma.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction of this matter pursuant to 29 U.S.C. § 216.

7.     Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391(d), as OG&E conducts business in the Western District and is therefore subject to personal jurisdiction within the Western District of Oklahoma.

## GENERAL ALLEGATIONS

8.     Plaintiffs bring this action to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) and its implementing regulations, 29 C.F.R. §§ 785.14-17 (collectively, the "FLSA").

9.     At all times relevant to this complaint, OG&E was engaged in commerce within the meaning of the FLSA. By way of example and without limitation, OG&E purchases electric power in interstate commerce, OG&E operates power generating plants which engage in interstate commerce and OG&E transmits electric power that has been moved in or produced in interstate commerce. In addition, OG&E has an annual gross volume of sales made or business done far in excess of $500,000.

10.     Plaintiffs were employees of OG&E.  Plaintiffs were area service linemen.

11.     Plaintiffs were employed by OG&E during all or part of the last three years.

12.     OG&E required Plaintiffs to work, and Plaintiffs in fact worked in excess of forty hours per week during their tenure.

13.     OG&E is an electric utility company authorized by the State of Oklahoma to provide reliable electric service to residential and commercial customers throughout certain areas of the State of Oklahoma.

14.     In southern Oklahoma, including the areas in and surrounding Sulphur, Marietta and Healdton, OG&E created zones for individual employees to cover in the event of power outages and trouble cases. Each of the three Plaintiffs was assigned to one such zone.

15.     OG&E engaged Plaintiffs to wait for after hour service calls within and around their assigned service zone.

16.     Because each Plaintiff was the only serviceman in his assigned zone, each Plaintiff was required to respond to all after-hour calls in his assigned zone.

17.     Plaintiffs worked their regularly scheduled hours on their regular work days, which were Monday through Friday. On those regular workdays, Plaintiffs then worked 16 additional hours on call, from the time they completed their regularly scheduled work hours, until they returned to work the next morning. During the weekend, Plaintiffs were on call continuously, 24 hours a day, until they returned to work on Monday morning. The result is that during the time they were on call, Plaintiffs were working 24 hours a day, 7 days a week, for a total of 168 continuous hours each week, by virtue of their regularly scheduled hours, or their on-call time.

18.     During the periods Plaintiffs were on call, they were engaged by OG&E to be waiting for work.

19.     OG&E's Distribution Line Construction Guidebook, which OG&E provides its employees as their reference for job descriptions, roles and responsibilities, states that as part of their job as area service linemen, Plaintiffs were required to be on call "24/7".

20.     During the time Plaintiffs were on call, OG&E policy provided that if OG&E experienced trouble with an electrical line or service, the area service lineman assigned to that area must respond to the problem within a brief period of time. The area service lineman is notified of the trouble by telephone, then OG&E policy requires that the area service linemen don required fire-retardant safety clothing even if they are away from a job site, that they travel to the trouble location in their assigned work truck; and that they arrive quickly after receiving the call from OG&E. Plaintiffs' response times were a category on their OG&E performance evaluations and were a basis for wage increase determinations and discipline.

21.     Because Plaintiffs were required to arrive at the trouble location within an abbreviated period of time after receiving a call, Plaintiffs were required to remain within a geographical area that was no more than thirty minutes away from their assigned work location.

22.     The restrictions imposed and enforced by OG&E had the effect, among other things, of requiring Plaintiffs to remain near their residences, thus they had to limit their personal activities including but not limited to participating in or attending their children's or grandchildren's sports, school, or other activities, participating in personal social activities and religious observances; and eating out. Further, they were required to interrupt activities to work. Moreover, they had to make special arrangements to take care of their personal responsibilities in order to respond to calls from OG&E.

23.     These restrictions placed a substantial burden on Plaintiffs while they were on call, and interfered with their personal pursuits during the time they were on

call, rendering the on-call time primarily for the benefit of OG&E.

24.     Though OG&E policy provides that Plaintiffs were supposed to be assigned to an on-call rotation schedule, OG&E failed to institute any sort of rotation. To the contrary, Plaintiffs were the only employees in their respective position assigned to their zone. This resulted in Plaintiffs being required to work twenty-four hours a day, seven days a week, three hundred sixty-five days a year.

25.     If Plaintiffs desired to take any time off, OG&E required that each individual Plaintiff arrange his own "standby" person to cover his work area; otherwise, Plaintiff had to simply forego the time off.

26.     By virtue of their on-call duties, Plaintiffs typically received twelve to fifteen after-hour trouble calls from OG&E per week. On average, a single trouble call takes approximately between one to two hours to complete.

27.     OG&E only paid Plaintiffs while on call for the hours spent responding to the after-hour calls. OG&E did not pay Plaintiffs for the time they were on call, engaged to be waiting.

28.     OG&E has violated and continues to violate the FLSA by failing to pay overtime wages to the Plaintiffs for the time they were engaged to be waiting.

29.     OG&E knew or should have known that it was required to pay overtime wages to the Plaintiffs for the time they were engaged to be waiting.

30.     OG&E's failure to pay overtime wages to Plaintiffs for the time they were engaged to be waiting was willful.

31.     Plaintiffs are entitled to recover damages under the FLSA equal to one-and-one-half times their regular rate of pay for all on-call hours for which they were not otherwise paid, plus an equal amount in liquidated damages.

32.     Plaintiffs request a money judgment against OG&E in the amounts due them for overtime pay and liquidated damages, and such other and further relief as the Court deems just and proper, including costs and attorney fees.

## PRAYER FOR RELIEF

Plaintiffs request judgment in their favor and against Oklahoma Gas and Electric Company for damages, declaratory and injunctive relief, interest, attorney's fees, costs and all other relief that is appropriate.

Respectfully submitted,

s/ George S. Freedman
George S. Freedman, OBA No. 15764
R. Scott Thompson, OBA No. 17712
Sarah Rowe Clutts, OBA No. 31208
LESTER, LOVING & DAVIES, P.C.
1701 S. Kelly Ave.
Edmond, Oklahoma 73013
(405) 844-9900 - Telephone
(405) 844-9958 – Fax
gfreedman@lldlaw.com
sthompson@lldlaw.com
sclutts@lldlaw.com

**ATTORNEYS FOR THE PLAINTIFFS**

**ATTORNEYS LIEN CLAIMED**