# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JOHN BECK,  )
DANNY JACKSON,  )
LARRY MUCK,  )
JAMES HARMON, and  )
JIM BEAVERS,  )
                                )
        Plaintiffs,  )
                                )
vs.                                )    Case No. CIV-14-770-M
                                )
OKLAHOMA GAS AND ELECTRIC  )
COMPANY,  )
                                )
        Defendant.  )

## ORDER

Before the Court is defendant's Motion to Compel Production of Documents, filed May 20, 2016. On June 10, 2016, plaintiffs filed their response, and on June 17, 2016, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs are former employees of defendant who worked as area service linemen. Plaintiffs allege that defendant violated the Fair Labor Standards Act by failing to pay plaintiffs overtime compensation for time they spent on-call. Specifically, plaintiffs allege that they were required to work 7:00 am - 3:30 pm every Monday through Friday and were paid straight time but then were required to be on call 24 hours, 7 days a week for 365 days after their regular work time. Plaintiffs further allege that when they were on-call, they were engaged to be waiting and, thus, should be compensated for the time they spent on-call.

On February 13, 2015, defendant served its First Set of Requests for Production of Documents to plaintiffs Beck, Muck, Jackson, and Harmon, and served identical requests on plaintiff Beavers on April 3, 2015. Each set of requests for production contained the following request:

> Please produce all bank statements and credit card statements for the time period between July 2011 and December 2013 [for plaintiffs Jackson and Beck], July 2011 and July 2014 [for plaintiff Muck], October 2011 and July 2014 [for plaintiff Harmon], and March 2012 and November 2014 [for plaintiff Beavers].

Plaintiffs responded to the request as follows: "Objection. The request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence."

Defendant now moves this Court to compel plaintiffs to produce their bank statements and credit and/or debit card statements for the dates relevant to this litigation. Defendant asserts that plaintiffs have put their private lives at issue by claiming that defendant significantly restricted their activities during time they spent on-call outside of their normal working hours. Defendant further asserts that whether plaintiffs' personal activities were indeed restricted such that they are entitled to compensation requires an analysis of plaintiffs' day-to-day activities during the relevant time. Defendant contends the purpose of the above request for production was to see when and where plaintiffs made purchases, which could either corroborate or contradict plaintiffs' contention that they lacked the freedom to engage in normal activities, such as dining out or shopping. Finally, defendant asserts that plaintiffs' bank and credit card records are not protected by any claim of privilege under federal law and that plaintiffs' bank and credit card records are covered by the Stipulated Protective Order in this case, which governs the use and dissemination of documents deemed "confidential" in this litigation.

Plaintiffs contend that defendant's motion to compel seeks information that is not discoverable because it contains highly sensitive personal financial information, much of which relates to individuals, plaintiffs' spouses, who are not parties to this case. Plaintiffs further contend that the request for production is overly broad, not reasonably calculated to lead to the discovery of

2

admissible evidence, and entirely too speculative. Plaintiffs assert that these records will not distinguish who was activating bank or credit transactions and will not reflect the time of day at which the transaction occurred and that defendant's request ignores the ability to make purchases online from a laptop. Additionally, plaintiffs contend that the intrusiveness of the request completely outweighs any probative value that this information might have to the claims in the lawsuit.

Federal Rule of Civil Procedure 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs' bank statements and credit and debit card statements are relevant and are likely to contain evidence regarding whether plaintiffs were engaged to be waiting during the time they were on-call – a crucial issue in this case. Specifically, the Court finds that plaintiffs' bank statements and credit and debit card statements are likely to contain information regarding plaintiffs' personal activities while they were on-call.[1] The Court further finds that defendant's request for production is proportional to the needs of this case. Additionally, to allay plaintiffs' privacy concerns, the Court finds that prior to

---

[1] The Court further finds that through deposition testimony, or other discovery device, it is likely that it can be determined whether it was a plaintiff or his spouse who made the transaction.

producing the statements to defendant, plaintiffs shall redact all information other than the date, time, and location of such transactions, and, further, these bank statements and credit and debit card statements are covered by the Stipulated Protective Order that has already been entered in this case.

Accordingly, the Court GRANTS defendant's Motion to Compel Production of Documents [docket no. 44] and ORDERS plaintiffs to produce redacted copies of their bank statements and credit and debit card statements for the specific time periods referenced in the requests for production. Plaintiffs shall produce said copies within twenty (20) days of the date of this Order.

**IT IS SO ORDERED this 27th day of June, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE